J. Philip Zand, Esq. Village Attorney Village of New Paltz
You have asked whether a village may enact a local law requiring that tattooing performed in the Village be done only by a licensed physician.
In 1966, the Court of Appeals upheld a provision of the Health Code of the City of New York prohibiting tattooing except by a licensed physician and only "for medical purposes". (Grossman v Baumgartner, 17 N.Y.2d 345.) In answer to an attack on constitutional grounds, the Court said:
 "The police power is exceedingly broad, and the courts will not substitute their judgment of a public health problem for that of eminently qualified physicians in the field of public health." (p. 350.)
The Court also ruled that two provisions of the Penal Law, one prohibiting tattooing anyone under the age of 16 (§ 483-c, now § 260.20) and one prohibiting tattooing in connection with hazing (§ 1030, now § 240.25 (4), which simply prohibits hazing), did not preempt the field and thus preclude local regulation.
Villages have been granted the power to enact local laws relating to "[t]he government, protection, order, conduct, safety, health and well-being of persons or property" (Municipal Home Rule Law, § 10
[1][ii][a][12]). This is a grant to local governments of the police power referred to in the quotation from the Grossman case, supra. (See People vCook, 34 N.Y.2d 100, 105 [1974]). This grant may be exercised subject to two restrictions: a local law exercising the police power may not be inconsistent with the State Constitution or any general law as defined in the Municipal Home Rule Law and may not be exercised if the Legislature has restricted that exercise of the granted police power (Municipal Home Rule Law, § 10 [1][ii]). Grossman demonstrates that neither restriction applies to a local law regulating tattooing.
We conclude that a village may enact a local law prohibiting tattooing except when done by a licensed physician.